# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ASHAD R. A. MUHAMMAD ALI v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lincoln County**
**No. S1000031**

---

**No. M2010-01832-CCA-R3-HC - Filed May 11, 2011**

---

This matter is before the Court upon the State's motion to affirm the judgment of the habeas corpus court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Petitioner has appealed the habeas corpus court's order summarily dismissing the petition for writ of habeas corpus. Upon a review of the record in this case, we are persuaded that the habeas corpus court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Ashad R.A. Muhammad Ali, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and Lindsy Paduch Stempel, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On June 21, 1985, Petitioner pled guilty to burglary first degree, armed robbery and aggravated rape. The trial court sentenced Petitioner to ten years for the burglary conviction, twenty years for the robbery conviction, and thirty years for the rape conviction. The ten-year and twenty-year sentences were ordered to be served concurrently. The trial court ordered the thirty-year sentence to be served consecutively to the first two sentences. Therefore, Petitioner's effective sentence was fifty years.

Petitioner filed a previous writ of habeas corpus. The habeas corpus court dismissed the petition because Petitioner filed it in Lincoln County as opposed to Davidson County, where he was incarcerated. *Ashad Rashad Abdullah Ali Muhammad v. State*, No. 01C01-9707-CC-00300, 1997 WL 779095 (Tenn. Crim. App., at Nashville, Dec. 18, 1997).

Petitioner filed the current writ of habeas corpus in Lincoln County on February 22, 2010. On August 13, 2010, the habeas corpus court dismissed the petition. Petitioner appeals the dismissal of his petition.

## ANALYSIS

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153

S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Petitioner's writ of habeas corpus does not meet the mandatory statutory requirements. The State argues that Petitioner filed his petition in the wrong court. Petitioner is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee in Lake County. He filed his writ in Lincoln County. Under Tennessee Code Annotated section 29-21-105, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."

Petitioner argues that a sufficient reason to file in Lincoln County Criminal Court is because that court possesses "all the relevant records, judgments and documents." However, this Court has repeatedly held that this is not a sufficient reason for filing in a court other than one where the petitioner is located. *See e.g. Larry L. Halliburton v. State*, No. W2001-00755-CCA-R3-CO, 2002 WL 1558611 (Tenn. Crim. App., at Jackson, Jan. 30, 2002), *perm. app. denied*, (Tenn. Jul. 1, 2002); *Jimmy Wayne Wilson v. State*, No. 03C01-9806-CR-00206, 1999 WL 420495 (Tenn. Crim. App., at Knoxville, June 24, 1999), *perm. app. denied*, (Tenn. Nov. 22, 1999); *Charles Bryant v. State*, No. 03C01-9803-CR-00115, 1999 WL 274849 (Tenn. Crim. App., at Knoxville, May 4, 1999). Petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See Clifford W. Rogers v. State*, No. W2002-02268-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 326 (Tenn. Crim. App., at Jackson, March 25, 2003).

Failure to meet the statutory requirements is a reason in and of itself for the dismissal of a petition of writ of habeas corpus. In this case, it is especially pertinent that Petitioner has had a previous petition dismissed for the same reason after incorrectly filing his petition in Lincoln County instead of the county in which he is incarcerated.

Therefore, the habeas corpus court acted properly in summarily dismissing the petition.

**CONCLUSION**

Rule 20 of the Rules of the Court of Criminal Appeals provides:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> (1)(a) The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . .

-4-

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the habeas corpus court.

_____
JERRY L. SMITH, JUDGE